102 April 17, 2024 No. 243

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY ALAN HILL,
*Defendant-Appellant.*

Polk County Circuit Court
21CR25294; A177963

Rafael A. Caso, Judge.

Submitted December 22, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010 (2021), *amended by* Or Laws 2023, ch 498, § 3. He assigns error to the trial court's denial of his motion for a judgment of acquittal (MJOA), arguing that the evidence regarding defendant's driving behaviors and his performance on the field sobriety tests (FSTs) was not sufficient to support a finding that defendant was impaired by cannabis. Viewing the evidence in the light most favorable to the state, we affirm, because the "state presented sufficient evidence from which a rational trier of fact, making reasonable inferences, could find the essential elements of the crime beyond a reasonable doubt." *State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) (internal quotation marks and citations omitted).

ORS 813.010 (2021) provides, in relevant part, "A person commits the offense of [DUII] if the person drives a vehicle while * * * under the influence of * * * cannabis[.]" In this case, after defendant committed four traffic violations and was stopped by a sheriff's deputy, defendant told the deputy that he smoked marijuana 20 minutes before the stop, and defendant's urine sample showed the presence of cannabis in defendant's system. The deputy testified that defendant failed to notice his marked patrol vehicle and sped past the deputy; committed four traffic violations in the span of minutes; and appeared intoxicated based on his slurred speech, glassy and watery eyes, and a "slack look on his face." Additionally, the deputy testified that, in his opinion, marijuana had impaired defendant's driving. Although defendant presented evidence to rebut that testimony, the state's evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that defendant had been impaired while driving. *See State v. Eumana-Moranchel*, 352 Or 1, 7-8, 277 P3d 549 (2012) (one of the ways to establish that a person drove while under the influence of intoxicants is when "the state can prove that * * * the defendant was adversely affected by intoxicants to a perceptible degree"); *see also Hedgpeth*, 365 Or at 732 ("[T]he evidence in a case can give rise to more than one reasonable inference, and when it does, the factfinder is allowed to decide the case.").

Affirmed.